**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 9:06-CR-00025-MAC** |
| | § | |
| | § | |
| **MARVIN ALBRO** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON FIRST AMENDED PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed June 4, 2026, alleging that Defendant, Marvin Albro, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

## I.     The Original Conviction and Sentence

Albro was sentenced on August 20, 2007, before The Honorable Ron Clark of the Eastern District of Texas after being found guilty of the offenses of Felon in Possession of a Firearm, Count 1, and Possession with Intent to Distribute 5 Grams or More, But Less Than 50 Grams of Cocaine Base, both Class A felonies. Count 1 carried a statutory maximum imprisonment term of Life. Count 2 carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 37 and a criminal history category of VI, was 360 months to Life. Albro was subsequently sentenced to 360 months' imprisonment, on each of Counts 1 and 2, to be served concurrently, followed by supervised release consisting of 8

1

years, which included 5 years on Count 1 and 8 years on Count 2, to be served concurrently, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug testing and treatment; and $200 special assessment.

On September 15, 2017, the instant case was reassigned to U.S. District Judge Thad Heartfield.  On September 21, 2017, Albro's sentence was amended by the court pursuant to 28 U.S.C. § 2255.  Albro's amended sentence included 120 months as to Count 1, and 360 months as to Count 2, to be served concurrently.

On March 12, 2018, the instant case was reassigned to U.S. Senior District Judge Ron Clark.  On June 30, 2019, Albro's sentence for Count 2 of the Indictment of 360 months' imprisonment and 8 years of supervised release was reduced to 235 months' imprisonment and 6 years of supervised release pursuant Section 404 of the First Step Act and the sentencing factors set for in 18 U.S.C. § 3553(a).

## II.  The Period of Supervision

On September 29, 2023, Marvin Albro completed his period of imprisonment and began service of the supervision term.

On August 16, 2024, the instant case was reassigned to U.S. District Judge Marcia A. Crone.  On November 19, 2024, Albro's conditions of supervised release were modified to include a special condition for participation in a mental health treatment program.

On March 10, 2025, Albro's term of supervised release was revoked to 6 months' imprisonment followed by 3 years of supervised release.

On August 4, 2025, Mr. Albro completed his term of imprisonment and began his 2nd term of supervised release.

### III.  The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising two allegations.  The petition alleges that Marvin Albro violated the following conditions of release:

Allegation 1. You must not commit another federal, state or local crime.

Allegation 2. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### IV.  Proceedings

On July 1, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation.  Defendant agreed to plead "true" to the first allegation that claimed he failed to refrain from committing another crime.   In return, the parties agreed that he should serve a term of 12 months and 1 day of imprisonment with no supervised release to follow.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any

such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction as to Count 1 (Felon in Possession of a Firearm) was a Class A felony; therefore, the maximum imprisonment sentence is 5 years. The original offense of conviction as to Count 2 (Possession With Intent to Distribute 5 Grams or More, But Less Than 50 Grams of Cocaine) was a Class A felony; therefore, the maximum imprisonment sentence is 5 years. Each count can be ordered to be served consecutively; thereby making the maximum imprisonment term 10 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to refrain from committing another crime, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

In determining Defendant's sentence, the court shall consider:

1.  The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2.  The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6.  The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from committing another crime. Based upon Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 12 months and 1 day with no supervised release to follow.

## VII.  Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from committing another crime.  The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  Defendant should be sentenced to a term of 12 months' and 1 day of imprisonment with no supervised release to follow.

## VIII.  Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 1st day of July, 2026.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE